The Chief Justice
delivered the opinion of the court.*
These are cross appeals taken from a decree sustaining the entry under which the appellants, who were complainants in the circuit court, claim, and directing the manner of surveying the entry. The errors assigned on the . part of the appellants, who were defendants in the circuit court, question the correctness of the decree, 1st, Because the infant defendants were notin court before the guardian, ad litem, was appointed. 2. Because the entry under which the complainants claim is net a valid one. And 3. Because *613 the mode of surveying the entry, as directed by the circuit court, is incorrect, and thereby made to interfere more than it ought to have done with their elder grant.
Infant fendants need not appear before the a(jiftem,
An forfc 0f Sait river, a-, b°ut 6 mile's beginning' it a walnut tree °jl ule, about 50 po. below the ^ £ extendin'-6 to the said fork, °.n "⅞ fork and the creek An entrv ‘the Rolf-1 ⅛⅛ ⅞⅛ and lick being notorious, arid the tree & creek found to correspond with the description. A lick known by the name of “the Cedar lick,” but on another stream.could not embarrass a subsequent locator.
*613 The only error assigned on the part of the complainants, questions the correctness of the decree on the ground that the mode thereby directed of making their survey is less favorable to them than it ought to have been.
1. The objection that the infant defendants were not in court before the guardian, ad litem, was appointed, cannot, we think, be sustained. Were their presence in court ne-cessarv before a guardian could have been appointed, as the appointment was, in fact, made, their presence ought to be presumed; for whatever is done in a court of justice must be presumed to be rightly done. But their presence could be necessary only for the purpose of ascertaining their in* fancy; and as the objection taken in this case presupposes the fact of their infancy, it defeats itself.
2. The objection that the entry under which the complainants claim is not valid, we also think is untenable. The entry was for 1000 acres, “on the Rolling fork of Salt “river, about six miles below the Cedar lick, beginning at “a walnut tree on the bank of said fork, about fifty poles “below the mouth of a large creek, .extending to the said “fork on the north side, running up said fork and said creek “for quantity.”
Salt river, and the Rolling fork of Salt river, were at, and prior to, the date of this entry, and have been since, universally known by their names; and it is proven in the cause, that on the north side of the rolling fork, near the margin of the stream, there is a large lick, which at, and prior to, the date of the entry, was generally known by the name of the Cedar lick, by those conversant ⅛ its vicinity; and there is no other lick on the Rolling fork known by that name. A nek known bv that name on any other stream certainly could not deceive or mislead a subsequent locator There could, therefore, have been but little difficulty in finding the lick intended by the entry, and when found, there would, if possible, have been still less difficulty in ascertaining the creek, below the mouth of which the entry calls to begin; for about the distance described in the entry below the lick, there is a large creek, since well known by the name of Prather’s creek, and there is no other stream emptying into the Rolling fork either above or below Prather’s creek fox some miles, that can be denomina *614 ted a large creek. And below the mouth of Prather’s creek, on the bank of the Rolling fork, and not far from the distance called for in the entry, there is a large walnut tree, and there is no other near it. Every object of the location is therefore satisfactorily established, and the entry must, consequently, be deemed valid.
This entry should be surveyed by running' up the Rolling fork,with the meanders,’til the distance, on a straight line, is obtained, and from the beginning out with the general course of that part of the large erek included in the survey, (botn irnes of equaliength) so far that a line at right angles to the reduced line on the tors, will include the quantity.
3. As to the mode of surveying the entry, there is some difficulty. Giving, however, due effect to the call “running up said fork apil said creek for quantity,” we think the survey should be made by running one line up the fork, with its meanders, from the beginning, and another from the beginning, with the general course of Prather’s creek, so far as it will be included in the survey; both these lines should be extended equal distances, (the line up the fork being reduced to a straight line) and so far that lines at right angles thereto will include the quantity.
Several other modes of surveying were suggested in in argument, on the part of the defendants. The most plausible of these is, to run from the beginning up the Rolling fork to its mouth, and thence up Prather’s creek, making the creek the upper boundary of the survey. But had this been the intention of the locator, he would, no doubt, have called expressly for the mouth of the creek, and have made the first line terminate there. Besides considering the short distance from the beginning to the mouth of the creek, the quantity could not be obtained by running to the mouth of the Creek, and thence up the creek, without extending the line up the creek far beyond the remotest source of the creek; but this is certainly not warranted by any expression in the entry, and the absurdity of the thing repels the supposition that it could have been the intention of the locator.
On the.part of the complainants it was contended, that the Rolling fork should form the base of the survey, and that the other line should be run at right angles thereto. But that mode of surveying vvould be giving no effect to Vhe call to “run up the creek,” and that call is unquestionably entitled to the same regard as the call to “run up the fork.” The mode of surveying, therefore, as before decided in this opinion, seems to be the only one which is consistent with all the calls of the entry. To so much of the land in controversy as will be included in a survey thus made, and as is included in the complainants’ survey, as it has been made, they hive the better right, and the defendants ought elinquish.their legal title thereto.
Wickliffe for appellants.
The decree must be reversed and the cause remanded, that a decree may be entered in conformity to the foregoing opinion, and such other proceedings had as may be consistent therewith, and with the principles of equity. The Complainant must pay the cost of both appeals.

Absent, Judge-Bowan:.